JUSTICE TRIEWEILER
dissenting.
¶41 I dissent from the majority Opinion. The findings, conclusions and order of the District Court are so riddled with procedural irregularity and substantive inconsistency that I reluctantly conclude that the order must be reversed.
¶42 First, there was no procedural basis for the District Court’s sua sponte consolidation of the proceeding for an accounting in Alan J. McDermott’s guardianship and a contest to the distribution of property in Leo E. McDermott, Sr.’s, estate. As noted in the majority Opinion, Rule 42(a), M.R.Civ.P., permits consolidation of actions involving a common question of law or fact. There were neither legal nor factual issues common to these two cases.
¶43 In the guardianship action, Alan’s sisters sought an accounting from Leo McDermott, Jr., of how he handled assets which had been entrusted to him as Alan’s conservator. Those assets were clearly limited to the principal and interest remaining in Alan’s estate following deposit in that estate of his personal injury settlement and the expenditures that were made on Alan’s behalf from that principal and interest.
¶44 The probate proceedings involved Leo McDermott, Jr.’s, challenge to the distribution of the proceeds from the sale of the Sunnyside residence. Leo, Jr., contended that he owned the residence following the transfer to him by Leo, Sr., in 1973. His sister, the personal representative of the estate, contended that it was transferred from Leo, Jr., back to Leo, Sr., in 1986 and then transferred by a third conveyance from Leo, Sr., to himself and three of his children and then finally devised to three of his children, including Leo, Jr., by his last will and testament. None of the issues in the probate proceeding are factually or legally related to what Leo, Jr., did with the personal injury proceeds entrusted to him as Alan’s conservator.
¶45 The two separate and independent proceedings were simply consolidated by the District Court to facilitate the District Court’s arbitrary satisfaction of the claim that Leo, Jr., breached his fiduciary duty to his brother Alan. However, there was neither statutory nor common law authority for doing so. Nor is any cited in the majority Opinion.
¶46 Closer examination of the District Court’s decision on the merits also reveals highly irregular findings and conclusions unsupported by any legal theory of which I am aware. First, the District Court sets forth extensive evidence which seems to lead to the inevitable finding that Leo, Jr., did in fact transfer title to the Sunnyside property back *447 to Leo, Sr., in 1986. The District Court ultimately states in its findings that, “[biased upon the record herein, the Court believes that Jr. is attempting to fraudulently acquire exclusive ownership of the Sunnyside property.” I would, therefore, infer from the District Court’s findings that Leo, Jr., transferred the Sunnyside property back to Leo, Sr., in 1986. If that is the case, then Leo, Sr., owned the Sunnyside property when, in 1991, he executed a will which devised it to four of his children including Leo, Jr. He also owned the property when, in 1992, he executed the deed which retained a life estate for himself and conveyed a future interest to three of his children, including Leo, Jr. If those are the facts, then what authority did the District Court have to transfer the entire proceeds from the sale of the Sunnyside property to Alan’s conservatorship estate as a sanction for Leo, Jr.’s, breach of his fiduciary duty to manage that estate for Alan’s best interest? At most, Leo, Jr., had a 331/3% interest and the proceeds from the sale of the home.
¶47 Furthermore, the District Court did not simply find that the 1973 transaction established a constructive trust for the benefit of Alan and then order that the proceeds from the Sunnyside residence be deposited in Alan’s guardianship account, as suggested in the majority Opinion. Instead, the District Court inexplicably concluded that because a constructive trust had been created:
There was never a transfer of ownership of the Sunnyside property from Sr. to Jr. Ownership of the Sunnyside property remained with Leo Sr. until the time of his death. The constructive trust was created for the benefit of Alan. No ownership interest transferred to Leo Jr.
¶48 The District Court’s analysis oflegal ownership following the 1973 transaction is a legal impossibility. If the property was transferred in trust for Alan, title was still transferred to Leo, Jr., as the trustee. If Leo, Sr., retained the title as the District Court concluded, then there was no trust for Alan, Leo, Sr., did not transfer any title, and the property passed by conveyance in the 1992 transaction. Either way, there was simply not $80,000 of proceeds from the sale of the Sunnyside residence to arbitrarily transfer to Alan’s conservatorship account.
¶49 Finally, there was no authority for the District Court to confiscate any of Leo, Jr.’s, property and arbitrarily transfer it to Alan. The remedy for breach of a fiduciary duty is a suit for the damage resulting from that breach and entry of a judgment for the amount of damage proven. Here, there was no separate suit for breach of fiduciary duty. There was an accounting action in which Leo, Jr.’s, sisters also sought *448 their substitution as conservator of Alan’s estate and there was a probate proceeding in which title to certain property was disputed. To simply combine these two independent and separate proceedings and then fashion an “equitable” remedy by grabbing some property here and moving it there is the height of arbitrariness and disregard for rules of procedure and substantive law. However, all concern for law seems to have been lost in the District Court’s and the majority’s revulsion at what they assume was Leo, Jr.’s, irresponsible administration of Alan’s money. If what happened in this case is acceptable, then this Court has removed any restrictions on the motion of an “equitable remedy.”
¶50 For these reasons, I dissent from the majority Opinion.